IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA N. GRACIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2011 CV 7604 |
| v. | ) |
| | ) Hon. Edmond E. Chang |
| SIGMATRON INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT SIGMATRON INTERNATIONAL, INC.'S
RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant SigmaTron International, Inc. ("SigmaTron"), by and through its attorneys Timothy J. Riordan and Tiffany L. Carpenter of Howard & Howard Attorneys move this Honorable Court for judgment as a matter of law in their favor on Plaintiff's claims. In support thereof, SigmaTron states the following:

**ARGUMENT**

**I. THE APPLICABLE LEGAL STANDARD FOR ENTRY OF JUDGMENT AS A MATTER OF LAW**

In the Court's Memorandum Opinion and Order, granting in part, and denying in part, SigmaTron's Motion for Summary Judgment (Doc. No. 87), it denied SigmaTron's motion with respect to most issues for the reason that it had to give the Plaintiff the benefit of the doubt and the Court found a reasonable jury <u>could</u> find in Plaintiff's favor based on the evidence submitted by the parties in support of, and in opposition to, the motion.

However, this is no longer the case.

A judgment as a matter of law "allows the court to take away from the jury's consideration cases or issues when the facts are sufficiently clear that the law requires a

particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 448, 120 S.Ct. 1011, 1017 (2000). This Court has the power to enter judgment as a matter of law in favor of SigmaTron because "... there is no legally sufficient evidentiary basis for a reasonable jury to find for [Plaintiff Gracia] ...." Fed. R. Civ. Pro. 50(a). Thus, a judgment as a matter of law fulfills its purpose "to save the time and trouble involved in lengthy jury determination." 9A Wright & Miller, Federal Practice and Procedure § 2521, at p. 241 (1995).

A major difference exists between a motion for summary judgment and a motion for judgment as a matter of law because credibility determinations can enter into the latter, but not the former. *Agosto v. Immigration and Naturalization Service*, 436 U.S. 748, 770 (1978).

A mere scintilla of evidence supporting a claim is not sufficient to avoid judgment as a matter of law. *Willis v. Marion County Auditor's Office*, 118 F.3d 542, 545 (7th Cir. 1997) (the trial court properly denied defendant's motion for summary judgment because a vague affidavit was sufficient to create a genuine issue of material fact; however, it became clear during cross examination at trial that plaintiff was unable to present sufficient evidence to sustain her claim, and therefore, a directed verdict was appropriate).

In order to avoid a judgment as a matter of law, there must be sufficient evidence on which the jury reasonably could find for the nonmoving party. "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that [a party] is entitled to a verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Because Plaintiff has failed to come forward with evidence from which a rational jury could find in her favor, this Court should enter judgment against Plaintiff as a matter of law at this time on all of her remaining claims.

## II. PLAINTIFF HAS FAILED TO SATISFY HER BURDEN OF PROOF ON HER CLAIM OF RETALIATION UNDER TITLE VII.

In order to prevail on a claim for retaliation, Plaintiff Gracia must demonstrate that: (1) she engaged in a protected activity by Title VII; (2) SigmaTron took an adverse employment action against her; and (3) there was a casual connection between her protected activity and the adverse employment action. *Coleman v. Donahoe*, 667 F.3d 835, 859 (7th Cir. 2012). SigmaTron naturally concedes the first two elements as Plaintiff Gracia's filing of the EEOC charge is a protected activity and her termination from SigmaTron was an adverse employment action. However, Plaintiff's claim of retaliatory discharge fails because Plaintiff has not come forward with the evidence to establish the third element – that she was fired for filing the EEOC charge.

During her case-in-chief, Plaintiff failed to present any direct evidence that SigmaTron's termination was in any way related to her filing of the EEOC charge other than the Notice of Charge received by SigmaTron prior to her firing. Reduced to its essence, Plaintiff's evidence at best shows that her employment was terminated for cause shortly after she filed the charge with the EEOC. Standing alone, however, such proximity is not enough to support a claim of retaliation. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 635 (7th Cir. 2011) (temporal proximity between an employee's protected activity and an adverse employment action is rarely sufficient to show that the former caused the latter.)

In *O'Leary*, plaintiff relied principally on the fact that his employer decided to fire him within sixty days after he voiced concerns about another employee who he believed sexually harassed him. *Id.* The court found that "the timing of events in this case is not strongly suggestive of retaliation, either alone or in the context of other circumstances O'Leary has cited." *Id.*

Mr. Greg Fairhead, SigmaTron's Executive Vice-President credibly testified that he terminated Plaintiff because she knowingly violated company policy by allowing a customer's specifications to be violated and that she exhibited no remorse for having done so.

The adverse possible significance of her conduct was fully supported by other evidence and testimony.

Plaintiff has also failed to adduce any evidence to show that Mr. Fairhead's stated nondiscriminatory reason for firing her was pretextual. Where, as here, SigmaTron contends that the Plaintiff's job performance was wanting, Plaintiff must do more than simply dispute the validity of the employer's criticisms. *O'Leary*, 657 F.3d 635.

The question is not whether Mr. Fairhead's stated reason was inaccurate or unfair, but whether he honestly believed the reason he has offered to explain the discharge. *E.g., Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 397 (7th Cir.2010). "[I]t is not the court's concern that an employer may be wrong about its employee's performance, or may be too hard on its employee. Rather, the only question is whether the employer's proffered reason was pretextual, meaning that it was a lie." *Naik v. Boehringer Ingelheim Pharm., Inc.*, 627 F.3d 596, 601 (7th Cir.2010) (quoting *Ineichen v. Ameritech*, 410 F.3d 956, 961 (7th Cir.2005)).

In the absence of any other evidence supporting the proposition that Plaintiff's termination was motivated by her filing of the EEOC charge, no reasonable jury could find that Plaintiff was fired in retaliation for her filing of the EEOC charge. Accordingly, this Court should enter judgment as a matter of law in favor of SigmaTron on Plaintiff's retaliation claim.

### III. PLAINTIFF GRACIA HAS FAILED TO SATISFY HER BURDEN OF ESTABLISHING BY A PREPONDERANCE OF THE EVIDENCE THAT SIGMATRON IS LIABLE AS AN EMPLOYER FOR SEXUAL HARASSMENT UNDER TITLE VII.

Plaintiff Gracia has been fully heard with respect to her Title VII claim for hostile work environment and the evidence fails to establish a legally sufficient basis for a reasonable jury to find for Plaintiff on her claims. Specifically, there is no legally sufficient basis for a reasonable jury to find that Plaintiff Gracia was subjected to unwelcome sexual

advances, requests for sexual favors, or to verbal or physical conduct of a sexual nature or severe enough to have rendered her work environment to have been hostile or abusive. At most the Plaintiff testified that Mr. Silverman's actions made her "uncomfortable" and in a limited numbers of instances "embarrassed" her and she was "depressed". This is surely not enough to prove her claim of "sexual harassment" under Title VII by a preponderance of the evidence.

Not only did she fail to substantiate that the complained of conduct occurred, but she failed to prove that it had any significant impact on her, if it did. Although she lived with her parents, her sister and her nephew at times during the whole period she claims the harassment occurred, she failed to bring any one of them in as witnesses to the fact that the late night calls, etc. occurred or, as importantly, that she was in any degree adversely affected by them. This coupled with her admitted failure to complain to anyone, her failure to produce the journal she purportedly kept to chronicle the events as they took place, and her failure to produce any voicemails, texts, greeting cards etc. makes her claims of significant sexual harassment incredible and the matter should not be submitted to the jury.

Plaintiff's unsubstantiated claims cannot serve as the basis of her claim. *See Ezell v. Potter,* 400 F.3d 1041, 1047-48 (7th Cir.2005), and *Washington v. International Survey Research, LLC,* 2005 WL 1 162965, *4 (N.D.Ill., 2005). Plaintiff has failed to establish that a reasonable person would find her work environment sufficiently hostile.

> a. **The Plaintiff has failed to adduce a legally sufficient evidentiary basis for a reasonable jury to establish that the conduct was complained of was severe or pervasive enough to create a hostile work environment.**

Although Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult, *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, (1986); *Johnson v. City of Fort Wayne,* 91 F.3d 922, 938 (7th Cir. 1996), the anti-

5

discrimination statutes are not a "general civility code." *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).

In order to establish the "hostile work environment" element, Plaintiff Gracia had to submit evidence showing that she was subjected to conduct that was "so severe or pervasive as to alter the conditions of [her] employment and create an abusive working environment." *Murray v. Chicago Transit Authority,* 252 F.3d 880, 888-889 (7th Cir. 2001); *Filipovic v. K & R Express Sys., Inc.,* 176 F.3d 390, 397 (7th Cir.1999) (To be actionable, "the conduct at issue must ha[ve] the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment."); *Shanoff v. Illinois Dept. of Human Services,* 258 F.3d 696 (7th Cir. 2001) (A "hostile" work environment is one that is "permeated with" discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.")

Proof of hostile environment is two pronged. To qualify as "hostile," the work environment must be "both objectively and subjectively offensive." *Hilt-Dyson v. City Of Chicago,* 282 F.3d 456, 463 (7th Cir. 2002) (Conduct giving rise to the hostile work environment claim must be both objectively and subjectively offensive so as to render the work environment "hostile" or "abusive.")

Thus, in order to prevail, Plaintiff had to present evidence sufficient to raise a reasonable inference that she *subjectively* experienced the environment to be abusive, but she must also show, *objectively,* that a "reasonable person" in her position would also have perceived it to be hostile. *Haugerud v. Amery School District,* 259 F.3d 678, 693 (7th Cir. 2001). *See also, Ngeunjuntr v. Metropolitan Life Ins. Co.,* 146 F.3d 464, 467 (7th Cir. 1998) (The conduct at issue must be sufficiently severe or pervasive such that a reasonable person would find it hostile and [that] the victim [herself] subjectively sees as abusive.)

In determining whether conduct rises to the level of "severity" required by Title VII, courts take into account "the totality of the circumstances, including but not limited to the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " Murray v. *Chicago Transit Auth.*, 252 F.3d 880 (7th Cir. 2001). Isolated or trivial remarks of a sexual nature do not satisfy the definition of sexual harassment - the offensive conduct must be persistent. *Rennie v. Dalton,* 3 F.3d 1100, 1107 (7th Cir. 1993).

In the instant case, Plaintiff Gracia has failed to establish a legally sufficient evidentiary basis for a reasonable jury to conclude that the conduct complained of was severe enough to create a hostile work environment. Plaintiff solely relies on her testimony that she was late for work because she was trying to avoid Mr. Silverman. Even affording Plaintiff the benefit of the doubt, this is not enough to demonstrate that her hostile work environment was both subjectively and objectively offensive so as to render the work environment "hostile" or "abusive." Indeed, the evidence adduced at trial demonstrates the opposite.

### b. The Plaintiff has failed to adduce a legally sufficient evidentiary basis for a reasonable jury to establish a basis for employer liability.

An employer is not liable for the alleged conduct of the supervisor if it shows, as SigmaTron has done here, that it exercised reasonable care to prevent and correct any harassing conduct in the workplace and the employee, like Plaintiff Gracia, failed to take advantage of the opportunity provided to prevent or correct harassment, or otherwise avoid harm.

In this case, Plaintiff's evidence established that SigmaTron was never made aware of the emails, text messages, turtle neck pull or pastry gifts until the instant lawsuit had been filed. Consequently, Plaintiff's evidence cannot show that SigmaTron was liable because it never knew of the other instances of alleged harassment.

With regards to the telephone call, the one instance Plaintiff Gracia mentioned, SigmaTron promptly investigated the matter. SigmaTron met with Plaintiff. SigmaTron also had a meeting with Plaintiff and Mr. Silverman after which both individuals indicated that they could continue with an amicable working relationship.

Although Plaintiff may take issue with the manner or outcome of the investigation, SigmaTron fulfilled its requirements under the law and the law does not require a perfect investigation.

Furthermore, SigmaTron cannot be liable for the alleged hostile work environment that Plaintiff claims resulted from the claimed conduct of Mr. Silverman. The 7th Circuit has held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Haugerud*, 259 F.3d at 693. Employers have a "safe harbor" from liability when "the alleged harassing conduct is too tepid or intermittent or equivocal to make a reasonable person believe that she has been discriminated against on the basis of sex." *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134 (7th Cir. 1997). Isolated or trivial remarks of a sexual nature do not constitute sexual harassment. *Koelsch v. Beltone Electronics Corp.* 46 F.3d 705, 708 (7th Cir. 1995).

There are numerous instances in which comments or references of a sexual nature did not rise to the level of sexual harassment. See, *e.g., Skouby v. Prudential Ins. Co.*, 130F.3d 794 (7th Cir. 1997)(holding that unwelcome sexual references, drawings alluding to love and marriage, and pictures of provocatively dressed women were not enough to create a hostile work environment); *Saxton v. American Tele. And Tele. Co.*, 10 F.3d 526, 532-534 (7th Cir. 1993) (holding that summary judgment was appropriate because an unwanted rubbing of the plaintiffs thigh, a forced kiss and an attempted grab by the alleged harasser were not enough to create a hostile work environment); *DiCenso v. Cisneros,* 96 F.3d 1004, 1008-09 (7th

8

Cir.1996) (holding that landlord's invitation for plaintiff to exchange sex for rent was not actionable sexual harassment under Title VII); *Baskerville v. Culligan Int'l Co.,* 50 F.3d 428, 430-31 (7th Cir. 1995) (holding that several offensive gestures and comments were not sufficient to demonstrate a hostile work environment); *Koelsch v. Beltone Elec. Corp.,* 46 F.3d 705,707 (7th Cir. 1995) (holding that supervisor's comment that he could not control himself around plaintiff and two invitations to drinks and dinner did not poison the work place and rise to the level of actionable sexual harassment); *Saxton,* 10 F.3d at 533-34 (7th Cir.1993) (two incidents of misconduct by supervisor involving inappropriate remarks and impermissible touching not actionable); *Weiss v. Coca Cola Bottling Co.,* 990 F.2d 333, 337 (7th Cir.1993) (co-worker's incidents of unwanted touching, attempts to kiss, and placing "I love you" signs in plaintiffs workplace did not create hostile work environment).

In this case, Plaintiff Gracia's claims of a hostile work environment within the context of sexual harassment do not rise to the level of what is actionable under the law. First, Plaintiff never complained to SigmaTron about the emails, text messages, turtle neck pull, or pastry gifts until after Plaintiff was terminated.

### c. The Plaintiff has failed to adduce a legally sufficient evidentiary basis for punitive damages.

Punitive damages may only be awarded when the defendant is found to have engaged in discriminatory practices with malice or with reckless indifference. 42 U.S.C. § 1981a(b)(1). *See, e.g., Gile v. United Airlines, Inc.* 213 F.3d 365 (7th Cir. 2000); *Slane v. Mariah Boats, Inc.,* 164 F.3d 1065 (7th Cir. 1999).

The Seventh Circuit has stated the test for punitive damages as: (1) the employer knows of the anti-discrimination laws (or lies to cover up discrimination); (2) the discriminators acted with managerial authority; and (3) the employer failed to adequately implement its own anti-discrimination policies (no good faith). *Bruso v. United Airlines, Inc.*

239 F.3d 848 (7th Cir. 2001); *Cooke v. Stefani Mgmt. Servs., Inc.*, 250 F.3d 564 (7th Cir. 2001).

In this case, Plaintiff Gracia has set forth no evidence to suggest that SigmaTron acted with malice or reckless indifference with regards to her alleged discrimination. At the very instant SigmaTron learned of the alleged phone call Mr. Silverman made to Plaintiff, SigmaTron met with both Plaintiff and Mr. Silverman in an effort to investigate and amicably resolve the matter. The evidence adduced at trial demonstrates that SigmaTron met with Plaintiff alone and discussed the details surrounding the alleged phone call. SigmaTron then met with Plaintiff and Mr. Silverman to again discuss the alleged telephone call. During both of this meetings, SigmaTron encouraged Plaintiff to tell them what was going on or what was bothering her. On several occasions, representatives from SigmaTron asked if there were any other instances outside of the telephone – Plaintiff indicated that there were not. SigmaTron at all times took affirmative steps to investigate and resolve the instant matter amicably.

Additionally, Plaintiff has failed to demonstrate – because she cannot – that SigmaTron failed to implement its own anti-discrimination policy or that Mr. Fairhead's decision to terminate her was made with malice or reckless indifference. SigmaTron at all times relevant hereto, had a sexual harassment policy in place. Therefore, Plaintiff cannot possibly meet the test for punitive damages. Her claim fails as a matter of law.

## IV. CONCLUSION

Plaintiff has been fully heard on both of her claims and has not established a legally sufficient factual basis for a reasonable jury to have found for plaintiff with respect to either of her claims. Therefore, Defendant is entitled to judgment as a matter of law in its favor and against Plaintiff.

WHEREFORE, for the foregoing reasons, SigmaTron International, Inc. respectfully requests that this Court grant judgment in its favor and against Plaintiff Gracia on Plaintiff's causes of action for retaliation and sexual harassment.

Dated: December 17, 2014

SIGMATRON INTERNATIONAL, INC., a corporation,

By: */s/ Tiffany L. Carpenter*
One of its Attorneys

Timothy J. Riordan (ARDC No. 2343231)
Tiffany L. Carpenter (ARDC No. 6292517)
Howard & Howard Attorneys, PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: 312-472-4000
TCarpenter@HowardandHoward.com

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on December 17, 2014, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which is believed to have sent notification of such filing to all counsel of record.

By: */s/ Tiffany L. Carpenter*
One of Defendant's Attorneys

Timothy J. Riordan (ARDC No. 2343231)
Tiffany L. Carpenter (ARDC No. 6292517)
Howard & Howard Attorneys, PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: 312-472-4000
TCarpenter@HowardandHoward.com