## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARIA N. GRACIA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 07604 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| SIGMATRON INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS & VERDICT FORM – FINAL

**FUNCTIONS OF THE COURT**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may cautioned or warned during the trial.

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**EVIDENCE**

The evidence consists of the testimony of the witnesses, exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

## STIPULATIONS OF FACT

The parties have stipulated, or agreed, that:

1. Defendant SigmaTron International, Inc. is a corporation headquartered in Elk Grove Village, Illinois.

2. SigmaTron, founded in 1994, is a full service electronics manufacturing service provider serving a diversified set of markets including: appliance, consumer, electronics, fitness, industrial electronics, medical/life sciences, semiconductor, telecommunications, and automotive.

3. Greg Fairhead has held the title of Executive Vice President of SigmaTron since March 2000 and presently serves as a member of SigmaTron's Executive Committee.

4. In November 2007, Greg Fairhead succeeded to the responsibilities of James Henderson, SigmaTron's then-Director of Operations, when Mr. Henderson left the employ of SigmaTron.

5. Gracia began working for SigmaTron in 1999.

6. On March 27, 2006, Gracia was promoted to Assembly Supervisor; a non-Union position.

7. On or about December 5, 2008, SigmaTron terminated Gracia's employment.

You must now treat these facts as having been proved for the purpose of this case.

**SUMMARIES**

The parties agree that there were two summaries, specifically, Plaintiff's Exhibit 23, Summary of Job Correspondence, and Defendant's Exhibit 54, Summary Chart of Emails, that accurately summarize the contents of emails. You should consider these summaries just like all of the other evidence in the case.

**CONSIDERATION OF ALL EVIDENCE**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

8

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

10

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

12

**TESTIMONY OF WITNESSES**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-      the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-      the witness's memory;

-      any interest, bias, or prejudice the witness may have;

-      the witness's intelligence;

-      the manner of the witness while testifying;

-      and the reasonableness of the witness's testimony in light of all the evidence in the case.

**PRIOR INCONSISTENT STATEMENTS**

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

14

## LAWYER INTERVIEWING WITNESSES

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## MULTIPLE CLAIMS

You must give separate consideration to each claim in this case.

**PREPONDERANCE OF THE EVIDENCE**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

19

SEXUAL HARASSMENT: ELEMENTS

As I've mentioned, the first claim is for sexual harassment. Gracia claims that she was sexually harassed by her supervisor, Patrick Silverman.

To succeed on this claim, Gracia must prove five things by a preponderance of the evidence.

1.   Gracia was subjected to harassing e-mails, sexual advances, and on one occasion touched part of her clothing;

2.   The conduct was unwelcome;

3.   The conduct occurred because Gracia is a woman;

4.   The conduct was sufficiently severe that a reasonable person in Gracia's position would find her work environment to be hostile or abusive (I will define this element further for you later); and

5.   At the time the conduct occurred, Gracia believed that the conduct made her work environment hostile or abusive.

In deciding whether the conduct occurred because Gracia is a woman, it is enough if Gracia's gender was a motivating factor for the conduct, even if the conduct was also motivated by other factors.

If you find that Gracia did not prove by a preponderance of the evidence each of the things required of her, then you must find for SigmaTron.

## SEXUAL HARASSMENT: DEFENSES

If, on the other hand, you find that Gracia has proved each of these things, you must go on to consider whether SigmaTron has proved one of two defenses.

The first defense is a complete defense. That means that, even if Gracia proves that she was subjected to a hostile or abusive work environment, SigmaTron is still not liable for sexual harassment if SigmaTron proves two things by a preponderance of the evidence:

1. SigmaTron exercised reasonable care to prevent and correct any harassing conduct in the workplace; and

2. Gracia unreasonably failed to take advantage of opportunities provided by SigmaTron to prevent or correct harassment, or otherwise avoid harm.

If you find that SigmaTron has proved these two things by a preponderance of the evidence, your verdict should be for SigmaTron. If you find that SigmaTron has not proved both of these things, you may go on to consider the second defense.

The second defense is a partial defense. That means that SigmaTron is still liable, but the remedies available to Gracia will be restricted if SigmaTron proved by a preponderance of the evidence that:

1. Gracia would have been subjected to the same harassing conduct even if she were not female.

If you find that SigmaTron has proved that one thing by a preponderance of the evidence, your verdict on liability for harassment should be for Gracia, but you should award zero damages to Gracia for her harassment claim.

If you find that SigmaTron has not proved either of these defenses, your verdict should be for Gracia.

21

**HOSTILE OR ABUSIVE WORK ENVIRONMENT**

To decide whether a reasonable person would find Gracia's work environment to be hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating; and whether it unreasonably interfered with Gracia's work performance. No single factor is required in order to find a work environment hostile or abusive.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. You should consider all the circumstances and the social context in which the conduct occurred.

## RETALIATION

Gracia's second claim is that SigmaTron retaliated against her because she complained about harassment in the workplace. Specifically, Gracia claims that she was fired by SigmaTron because she complained to SigmaTron and the Equal Employment Opportunity Commission that she was being sexually harassed and that she was being harassed because of her national origin.

To succeed on this claim, Gracia must prove by a preponderance of the evidence that she was fired by SigmaTron because she made one or more of these complaints. To determine that Gracia was fired because she made one or more of these complaints, you must decide that SigmaTron would not have fired Gracia had she not made one or more of these complaints, but everything else had been the same.

If you find that Gracia has proved this by a preponderance of the evidence, then you must find for her. However, if you find that Gracia did not prove this by a preponderance of the evidence, then you must find for SigmaTron.

23

**SUPERVISOR RETALIATION**

If the decision maker regarding the termination of Gracia's employment acted as the conduit for another employee's retaliatory motive, the innocence of the decision maker cannot relieve defendant from legal responsibility.

LIMITING INSTRUCTION

As I said before opening statements, Gracia alleges that SigmaTron fired her in retaliation for complaining that she was being sexually harassed and that she was being harassed because of her national origin. That's the retaliation claim. But there is no claim of *national-origin* harassment in this case or in this trial. You will *not* be asked to determine whether there was harassment against Gracia on the basis of *national origin*; only whether SigmaTron fired her in *retaliation* for having made those complaints.

25

**DAMAGES: GENERAL**

If you find that Gracia has proved any of her claims against SigmaTron, then you must determine what amount of damages, if any, Gracia is entitled to recover. Gracia must prove her damages by a preponderance of the evidence.

If you find that Gracia has failed to prove any of her claims, then you will not consider the question of damages.

26

**COMPENSATORY DAMAGES**

You may award compensatory damages only for injuries that Gracia has proved by a preponderance of the evidence were caused by SigmaTron's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering that Gracia has experienced. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Gracia for the injury she has sustained.

## PUNITIVE DAMAGES

If you find for Gracia, you may, but are not required to, assess punitive damages against SigmaTron. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to SigmaTron and others not to engage in similar conduct in the future.

Gracia must prove by a preponderance of the evidence that punitive damages should be assessed against SigmaTron. You may assess punitive damages only if you find that the conduct of SigmaTron's managerial employees, and/or officers, was in reckless disregard of Gracia's rights. An action is in reckless disregard of Gracia's rights if taken with knowledge that it may violate the law.

Gracia must prove by a preponderance of the evidence that SigmaTron's managerial employees, and/or officers acted within the scope of their employment and in reckless disregard of Gracia's right not to be discriminated and/or retaliated against. In determining whether Patrick Silverman was a managerial employee of SigmaTron, you should consider the kind of authority SigmaTron gave him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out. You should not, however, award Gracia punitive damages if SigmaTron proves that it made a good faith effort to implement an anti-discrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of SigmaTron's conduct;

- the impact of SigmaTron's conduct on Gracia;

- the relationship between Gracia and SigmaTron;

- the likelihood that SigmaTron would repeat the conduct if an award of punitive damages is not made;

28

-  the relationship of any award of punitive damages to the amount of
   actual harm Gracia suffered.

**MITIGATION**

SigmaTron argues that Gracia's claim for pain and suffering should be reduced by the amount of pain and suffering she could reasonably have avoided by finding other employment.

If you find that

1.    Gracia did not take reasonable actions to reduce her damages, and

2.    Gracia reasonably might have found employment if she had taken such action,

you should reduce any amount you might award Gracia for pain and suffering to reflect the amount of pain and suffering she could reasonably have avoided.

SigmaTron must prove both that the reduction should be made and its amount.

30

**NO NEED TO CONSIDER DAMAGES**

If you decide for SigmaTron on the question of liability as to both of Gracia's claims, then you should not consider the question of damages.

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

## UNANIMOUS VERDICT

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

34

## Verdict Form

## Liability

QUESTION NO. 1.  Please put a check mark in the appropriate place.

On the claim of the plaintiff, Maria Gracia for sexual harassment, we, the jury, find in favor of:

Plaintiff:  _____

Defendant:  _____

QUESTION NO. 2.  Please put a check mark in the appropriate place.

On the claim of the plaintiff, Maria Gracia for retaliatory termination, we, the jury, find in favor of:

Plaintiff:  _____

Defendant:  _____

QUESTION NO. 3.  Answer the following question if and only if you found in favor of the Plaintiff in Question 1.

We, the jury, assess the amount of compensatory damages for plaintiff Maria Gracia on the sexual harassment as

$ _____

QUESTION NO. 4.  Answer the following question if and only if you found in favor of the Plaintiff in Question 2.

We, the jury, assess the amount of compensatory damages for plaintiff Maria Gracia on the retaliatory termination as

$ _____

35

QUESTION NO. 5. Do you award punitive damages for Gracia and against Defendant SigmaTron International, Inc.?

YES   _____

NO    _____

QUESTION NO. 6. Answer the following question if and only if you found in favor of Gracia in Question 5 above.

We, the jury, assess punitive damages against Defendant SigmaTron International, Inc. in the amount of

$ _____

Once this form has been completed, the foreperson of the Jury should sign the verdicts below and return it to the court

_____

Foreperson of the Jury

_____          _____

_____          _____

_____          _____

_____

36